IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| McGarry & McGarry, LLP,<br><br>       Plaintiff,<br><br>   vs.<br><br>Bankruptcy Management Solutions, Inc.,<br><br>      Defendant. | CASE NO. 16 CV 8914<br>JUDGE JOAN H. LEFKOW |

## DEFENDANT BANKRUPTCY MANAGEMENT SOLUTIONS, INC.'S MOTION TO DISMISS

Defendant Bankruptcy Management Solutions, Inc. ("BMS"), by and through its undersigned counsel, respectfully requests, pursuant to Federal Rule of Civil Procedure 12(b)(6), that this Court dismiss the Complaint of Plaintiff, McGarry & McGarry, LLP ("Plaintiff"), in its entirety. In support thereof, BMS states as follows:

1.     On September 14, 2016, Plaintiff filed its Complaint in this case. (Dkt. #1).

2.     The Complaint alleges that BMS violated the Sherman Act, 15 U.S.C. § 1, and the Illinois Antitrust Act, 740 ILCS 10/3.

3.     For the reasons set forth below and in the accompanying Memorandum of BMS in Support of Its Motion to Dismiss, BMS requests that this Court dismiss all counts of the Complaint, pursuant to Rule 12(b)(6), for failure to state a claim.

4.     First, the Complaint should be dismissed because Plaintiff has failed to plead sufficient facts under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, Plaintiff purports to plead both "direct" and "circumstantial" allegations in support of its claim; but Plaintiff fails to satisfy the requirement set forth in *Twombly* that a complaint contain "enough factual matter (taken as true) to suggest that an agreement was made" – more precisely,

factual allegations "plausibly suggesting (not merely consistent with) agreement." Parallel conduct, without more is insufficient to show conspiracy. *Twombly*, 550 U.S. at 556-57.

5. Second, the Complaint should be dismissed because BMS's alleged efforts, whether individual or collective, to lobby for regulatory change are absolutely privileged pursuant to the *Noerr-Pennington* doctrine. *See United Mine Workers of America v. Pennington,* 381 U.S. 657, 670 (1965) ("Joint efforts to influence public officials do not violate the antitrust laws even though intended to eliminate competition.").

6. Third, Plaintiff's federal antitrust claim is also barred under the *Illinois Brick* doctrine. That doctrine makes clear that only a "direct" purchaser may assert a claim for an alleged federal antitrust violation. *See Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). Here, because Plaintiff is not a direct purchaser, it is barred from asserting a federal antitrust claim against BMS.

7. Fourth, the Complaint should be dismissed because Plaintiff's claims are barred as a matter of waiver, res judicata, and bankruptcy law. Specifically, if, *arguendo*, Plaintiff has a claim, that claim arises solely because of the administration of its claim in the *Integrated Genomics* bankruptcy proceedings. Because of the nature of bankruptcy proceedings, Plaintiff was required to assert its claim in bankruptcy court, or not at all. At this point, the claim is barred.

WHEREFORE, BMS respectfully requests that this Court:

a) Dismiss the Complaint in its entirety, with prejudice; and

b) Grant such other and further relief as the Court deems just and proper.

Dated: October 21, 2016                    Respectfully submitted,


                                           By: /s/Jonathan M. Herman

                                           Jonathan M. Herman (admitted *pro hac vice*)
                                           herman.jonathan@dorsey.com
LEONARDMEYER, LLP                          Kaleb McNeely (admitted *pro hac vice*)
Michael I. Leonard                         mcneely.kaleb@dorsey.com
120 North LaSalle, 20th Floor              Dorsey & Whitney LLP
Chicago, Illinois 60602                    51 West 52nd Street
Telephone: 312-380-6559                    New York, NY 10019-6119
Facsimile: 312-264-0671                    Telephone: 212-415-9247
                                           Facsimile: 212-953-7201

                                           Michael A. Lindsay (admitted *pro hac vice*)
                                           lindsay.michael@dorsey.com
                                           Dorsey & Whitney  LLP
                                           Suite 1500, 50 South Sixth Street
                                           Minneapolis, MN 55402-1498
                                           Telephone: 612-340-7819
                                           Facsimile: 952-516-5637


                                           Counsel for Bankruptcy
                                           Management Solutions, Inc.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on October 21, 2016, I caused the foregoing document, as well as the attached Memorandum in Support of Motion to Dismiss and Declaration of Jonathan M. Herman, to be electronically filed with the Clerk of the Court using the CM/ECF system.

<u>/s/ Jonathan M. Herman</u>
Jonathan M. Herman